**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| VICKI MORGAN-HICKS, Administratrix of the Estate Of Denzel Morgan,<br><br>    Plaintiff<br>  v.<br><br>NEW JERSEY DEP'T OF CORR., *et al.*,<br><br>    Defendants | Civ. No. 17-655 (RMB-JS)<br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court upon Defendants Sgt. Peter Tambini, Sergeant George Goldner, Corrections Officer Giovanni Nieves, Corrections Officer Matthew Canto and Corrections Officer John Jaquez's ("Defendants") Motion for Summary Judgment ("Defs' Mot. for Summ. J.," ECF No. 48; "Defs' Brief in Supp. of Mot. for S.J.," ECF No. 48-8); Plaintiff's Brief in Opposition to Defendants' Motion for Summary Judgment ("Pl's Opp. Brief," ECF No. 51); Plaintiff's Supplemental Statement of Disputed Material Facts in Opposition to Defendants' Motion for Summary Judgment ("Pl's Supp. SODMF," ECF No. 54); and Defendants' Response to Plaintiff's Supplemental Statement of Disputed Material Facts in Opposition to Defendants' Motion for Summary Judgment ("Defs'

Reply," ECF No. 55). For the reasons discussed below, the Court will order supplemental briefing.

I. BACKGROUND

Denzel Morgan ("Morgan"), *pro se*, filed the original complaint in this matter on January 31, 2017. (Compl., ECF No. 1.) On April 18, 2017, Defendants New Jersey Department of Corrections, Corrections Officer Ceka, and the remaining individual defendants in their official capacities were dismissed from this action. (Stip. and Order of Dismissal, ECF No. 19.) Denzel Morgan was killed on November 27, 2017, and Plaintiff's counsel filed an application to substitute party. (Not. of Mot. for Substitution of Party, ECF No. 41.) Plaintiff filed an amended complaint on May 3, 2018. (Am. Compl., ECF No. 45.)

II. THE AMENDED COMPLAINT

Denzel Morgan, Plaintiff's decedent, was lodged as an inmate at Garden State Youth Correctional Facility in Yardville, New Jersey on September 5, 2015. (Am. Compl., ECF No. 45 at 3, ¶1.) During dinner on September 5, 2015, Morgan saw Defendant Nieves in possession of tobacco in the officer closet station. (Id., ¶2.) When Morgan was alone in his cell later that day, Defendant Nieves opened the cell door with a key, entered the cell, punched Morgan in the head and face and kicked him throughout his body without justification. (Id., ¶¶3-4.) Upon information and belief,

Defendant Nieves assaulted Morgan because Morgan saw Nieves with tobacco earlier that day. (Am. Compl., ECF No. 45, ¶5.)

Defendant Canto arrived at Plaintiff's cell and also struck Morgan in the head and face, kicked him throughout his body and sprayed OC in his face without justification. (Id., ¶6.) Defendants Jaquez, Tambini and Goldner also responded to Morgan's cell and assaulted Morgan without justification. (Id., ¶¶7-8.) Defendants Nieves, Canto, Jaquez, Tambini and Goldner continued to assault Morgan as they removed him from his cell and transported him to a cell block day room. (Id., ¶¶9-10.) As a result of the assault by the Defendants, Plaintiff sustained bodily injuries and emotional Distress. (Id., ¶12.)

In Count One, Plaintiff alleges Defendants violated Morgan's rights under Fourth and Fourteenth Amendments and the United States Constitution and 42 U.S.C. § 1983. (Id. at 4-5.) In Count Two, Plaintiff alleges Defendants Tambini and Goldner had a reasonable opportunity to intervene but failed to intervene in the assault on Morgan by Defendants Nieves, Canto and Jaquez, in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983. (Id. at 5-6.)

Plaintiff alleges in Count Three that Defendants Nieves, Canto, Jaquez, Tambini and Goldner misrepresented the facts of their encounter with Morgan to protect themselves from criminal prosecution and/or civil liability. (Id. at 6-7.) Plaintiff

alleges this was a malicious abuse of process in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983. (Am. Compl., ECF No. 45 at 6-7.)

For Count Four, Plaintiff alleges Defendants Tambini and Goldner were the supervisory officers in charge at the time Morgan was assaulted, and they failed in their duty to prevent Defendants Nieves, Canto and Jaquez from violating Morgan's constitutional rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983. (Id. at 7-8.) Plaintiff further alleges Defendants Tambini and Goldner either directed Defendants Nieves, Canto and Jaquez to violate Morgan's rights or they knew of and acquiesced in their subordinates' violations. (Id.)

In Count Five, Plaintiff alleges that the excessive force, failure to intervene, abuse of process and supervisory liability of Defendants Nieves Canto, Jaquez, Tambini and Goldner deprived Plaintiff of his substantive due process right to be free from unlawful seizure of his person, his right to due process and his fundamental right to liberty secured by the Constitution of the United States and the Constitution of the State of New Jersey in violation of N.J.S.A. 10:6-1 *et seq.* (Id. at 8-9.)

III. ADMISSIBLE EVIDENCE OF DISPUTED MATERIAL FACTS

Federal Rule of Civil Procedure 56(c)(2) provides that "a party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in

evidence." Defendants contend Plaintiff has offered no competent evidence that Defendants violated Morgan's rights by using excessive force against him and Defendants have offered competent evidence to the contrary; therefore, they are entitled to summary judgment. (Defs' Brief in Supp. of Mot. for S.J., ECF No. 48-8 at 13, 16.) In Defendants' Response to Plaintiff's Supplemental Statement of Disputed Material Facts, Defendants argued that Morgan's answers to interrogatories are not admissible at trial. (Defs' Reply, ECF No. 55.) Defendants did not cite to case law in support of their admissibility argument and Plaintiff did not directly address Defendants' admissibility argument.

Morgan's answers to interrogatories (Pl's Ex. A, ECF No. 51-3) is not the only document Plaintiff submitted in opposition to Defendants' motion for summary judgment. Plaintiff submitted the following: Ex. B, Inmate Statement of Kideem McLeod; Ex. C, Inmate Statement of Tyquan Strand; Ex. D, Authorization for Prehearing Detention Placement Form of Defendant Sergeant Peter Tambini; Ex. E, Disciplinary Reports of Sergeant Peter Tambini, Corrections Officer Giovanni Nieves, and Corrections Officer Matthew Canto; Ex. F, New Jersey Dep't of Corrections Adjudication of Disciplinary Charge; Ex. G, St. Francis Medical Center records of Denzel Morgan; Ex. H, Rutgers University medical records of Denzel Morgan; Exhibit I, Evaluation of Charles F. Martinson, J.D., M.D. (Decl. of

Clifford P. Yannone in Supp. of Pl's Opp. to Defs' Mot. for Summ. J., ECF No. 51-3.)

After the parties filed their briefs in support of and in opposition to summary judgment, Plaintiff, with Defendants' consent and the Court's permission, submitted Exhibit J in opposition to Defendants' motion for summary judgment. (Order, ECF No. 53; Pl's Ex. J, ECF No. 54-3.) Exhibit J is a transcript of an interview of Denzel Morgan that took place on September 9, 2015. (Pl's Ex. J, ECF No. 54-3.) The parties have not discussed the admissibility of Exhibit J or whether the contents of the exhibit create disputed material facts that preclude summary judgment on any of Plaintiff's claims. The Court will order supplemental briefing.

The Court also notes that Defendants addressed Plaintiff's excessive force claim under the Fourth Amendment standard, and Plaintiff addressed the excessive force claim under the Fourth and Eighth Amendment standards. The standards are not identical and the parties should address in their supplemental briefs which standard is applicable to Plaintiff's claim.

The Court further notes that Defendants did not discuss Plaintiff's claims of failure to intervene and malicious abuse of process under the U.S. Constitution and New Jersey Civil Rights Act. If Defendants seek summary judgment on all claims, they must discuss each claim. Finally, if Plaintiff opposes summary judgment

on each claim, Plaintiff shall state the elements of each claim and cite to the specific evidence Plaintiff will rely on in support of each element of each claim. The parties shall support their arguments concerning the admissibility of evidence with appropriate case law.

**IT IS** therefore on this **22nd** day of **October 2019**,

**ORDERED** that the parties shall submit supplemental briefs in support of and in opposition to Defendants' motion for summary judgment (ECF No. 48) within 30 days of the date of entry of this Order; the parties may submit reply briefs to the supplemental briefs in support of and in opposition to Defendants' motion for summary judgment within fourteen days of the filing date of the supplemental briefs; and it is further

**ORDERED** that the Clerk shall administratively terminate Defendants' motion for summary judgment (ECF No. 48), solely for administrative purposes; the Court will direct the Clerk to reopen the motion upon receipt of the supplemental briefs and reply briefs.

                                        s/Renée Marie Bumb
                                        **RENÉE MARIE BUMB**
                                        **United States District Judge**